IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
--------------------------------------------------  .
UNITED STATES OF AMERICA             : CASE NO.  4:04 CR 381
                                     :
                         Plaintiff   :
                                     :
            -vs-                     : SENTENCING MEMORANDUM OF
                                     : OPINION
                                     :
MARK DIXON                           :
                                     :
                        Defendant    :
--------------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 8 October 2004, defendant Mark Dixon, a former deputy with the Mahoning

County Sheriff's Department who worked at the Mahoning County Jail, was charged in

three counts of a three-count superseding indictment. (Docket #47).  In count one, Mr.

Dixon, along with several co-defendants, was charged with conspiracy to deprive Tawhon

Easterly, a pretrial detainee at the Jail, of his constitutional right to be free from excessive

force amounting to punishment by one acting under color of state law, in violation of 18

U.S.C. § 371.  Counts two and three charged Mr. Dixon with actually depriving, and/or

aiding and abetting the deprivation of, Mr. Easterly's constitutional right to be free from

excessive force amounting to punishment by one acting under color of state law, in

violation of 18 U.S.C. §§ 2 and 242.  Mr. Dixon entered a not guilty plea to these charges

on 3 November 2004.  On 28 February 2005, the day Mr. Dixon's trial was set to begin, Mr.

1

Dixon appeared at a change of plea hearing, withdrew his not guilty plea, and entered a plea of guilty to all three counts charged in the superseding indictment.  Although Mr. Dixon signed a written "Change of Plea," he did not enter into a plea agreement with the government and both sides remained free to "make whatever arguments and take whatever positions they wish at sentencing in this case."  (Docket #122, at 2).

On 17 May 2005, a sentencing hearing was held with Mr. Dixon, counsel for both parties, and probation officer, Allen Gold, attending.  At the hearing, neither side objected to the following guideline calculations, which were set forth in the Pre-sentence Investigation Report ("PSR"):[1]

**Base Offense Level:** [Section 2H1.1]                                                      12

**Specific Offense Characteristic:** [Section 2H1.1(b)(1)(B)--
                          Under Color of Law]                                          +6

**Specific Offense Characteristic:** [Section 3A1.1(b)(1)--
                          Vulnerable Victim]                                           +2

**Adjusted Offense Level (Subtotal):**                                              20

**Adjustment for Acceptance of Responsibility:** [Section 3E1.1(a)] -2

**Total Offense Level:**                                                                  18

Accordingly, this Court adopted the PSR's guideline calculations and concluded that Mr. Dixon's guideline range was 27-33 months (based on a total offense level of 18 and a criminal history category of I).

---

[1] Although Mr. Dixon initially objected to the guidelines and argued that the Court should depart downward for victim conduct (5K2.10), coercion and duress (5K2.12), and aberrant behavior (5K2.20), he withdrew those objections both in writing, (Docket #141, at 3), and orally at the sentencing hearing.

Recognizing that Mr. Dixon's guideline range is 27-33 months, this Court must consider that advisory guideline range along with the other factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence.  As a consequence of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), sentencing guidelines are true guidelines to be considered and accorded the same weight due the other factors set forth in § 3553(a).  United States v. Ranum, 353 F. Supp. 2d 984 (E.D. Wis. 2005); Simon v. United States, 2005 WL 711916 (E.D. N.Y. Mar. 17, 2005).[2]  In sentencing Mr. Dixon, this Court must therefore impose a sentence which is "sufficient, but not greater than necessary:"

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and,

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  With these purposes in mind, this Court must fashion a sentence which considers:

•      the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[2] While this Court is cognizant of the line of district court cases which have held that the sentencing guidelines provide the "presumptively correct sentence" and should be given "heavy," "substantial," or "great" weight, United States v. Wanning, 354 F. Supp.2d 1056, 1060-62 (D. Neb. 2005); United States v. Wilson, 350 F. Supp.2d 910 (D. Utah 2005); United States v. Gray, 2005 WL 613645, (S.D. W.Va. Mar. 17, 2005), it is not persuaded by their reasoning that the guidelines operate as a sort of "super factor" trumping everything else in all but unusual cases.

3

- the need for the sentence imposed to further the purposes set forth above;

- the kinds of sentences available;

- the kinds of sentence and sentencing range applicable to the defendant as set by the United States Sentencing Guidelines as well as any pertinent policy statements issued by the Sentencing Commission;

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Mr. Dixon argues that 21 months is the appropriate sentence in light of the sentences already imposed upon his co-defendants: Hull (15 months), Rivera (18 months), and Strange (21 months).  The government, on the other hand, seeks a sentence in the mid to upper portion of the applicable guideline range (27-33 months).  It argues that such a sentence appropriately reflects the seriousness of Dixon's offense conduct and would be proportional to the sentences of his co-defendants given that Dixon did not cooperate with the government (as did Hull and Rivera) and was involved with both punitive beatings of Tawhon Easterly (unlike Strange who was only involved in the first beating).  Although this Court recognizes that Dixon's circumstances are not entirely comparable to his co-defendants, it nonetheless finds that a sentence within the advisory guideline range is greater than necessary to further the statutory sentencing goals of retribution, deterrence, incapacitation, and rehabilitation.  Moreover, such a sentence fails to fully consider the particular circumstances of the offense and would constitute an unwarranted sentence

4

disparity from his co-defendants.[3]  Giving due consideration to all of the factors set forth in Section 3553(a), this Court believes that a 22 month term of imprisonment is the appropriate sentence in this case.

Accordingly, defendant Mark Dixon is committed to the custody of the Federal Bureau of Prisons to serve a 22 month term of incarceration with two years of supervised release to follow.

IT IS SO ORDERED.

　/s/Lesley Wells　　　　　　
UNITED STATES DISTRICT JUDGE

Dated: 20 May 2005

---

[3] Although in no way excusing Mr. Dixon's conduct, his sentence must reflect the nature of the particular institution in which he worked, one in which punitive beatings were apparently condoned and even ordered by superior officers.